## OWNERSHIP OF LAND TAKEN IN NAME OF ATTORNEY OF THE CORPORATION WHICH ENTERED INTO POSSESSION.

Court of Appeals for Licking County.

HARRY H. BAIRD v. THE JEWETT CAR CO.

Decided, October Term, 1915.

*Title—Land Purchased by Attorney But Used by Corporation—Stock Issued to Attorney Claimed to Have Been in Payment for the Land.*

A purchase of land by one who in other matters was acting as the attorney and agent of a corporaton which at once took possession of the land, will be regarded as having been made for the corporation notwithstanding title was taken by the attorney in his own name, where the corporation thereafter issued stock to the attorney in an amount in face value somewhat exceeding the price of the land and remained in undisputed possession for more than ten years without any claim having been made by the said attorney on account of the land or any attempt to collect rent for its use; and an action to recover possession of the land, brought by one to whom it was conveyed by the said attorney and who had full knowledge of all the circumstances surrounding its purchase by the attorney will be dismissed and title established in the corporation.

*Fitzgibbon, Montgomery & Black,* for plaintiff.
*Kibler & Kilber* and *Flory & Flory,* contra.

POWELL, J.

This cause is in this court by appeal from the judgment of the court of common pleas.

The plaintiff filed his petition in that court alleging that he was the owner of certain described lands in fee simple, and entitled to the possession thereof, and that the defendant, which is a corporation organized under the laws of West Virginia, unlawfully keeps him out of possession thereof.

Plaintiff prays judgment for the recovery of possession of said lands, and all other proper relief.

To this petition an answer and cross-petition was filed in which the defendant admits that it is a corporation under the laws of West Virginia, and in possession of the real estate in the petition described, and denies each and every other allegation therein contained.

For cross-petition the defendant alleges that in December, 1901, it employed one Frederic M. Black, as its attorney and agent, to purchase for it the real estate described in the petition, which was then owned by one Samuel F. Van Voorhis, and furnished him with the sum of $2,500 of the capital stock of defendant, with which he was to purchase said lands, and which he received for that purpose; that with the said stock or the proceeds of the sale of same, said Black purchased the said real estate of said Van Voorhis for the price of $2,300; that, without the knowledge or consent of defendant, he caused the legal title to said real estate to be taken in his own name; that on the date of the conveyance from Van Voorhis to Black, viz., on or about the 23d day of October, 1903, it obtained possession of said real estate, and ever since then it has had sole and exclusive possession of the same under said transaction and contract of purchase, and has used the same as a part of its manufacturing plant.

It is alleged that $1,000 of the $2,500 of capital stock of defendant so furnished said Black, was issued by it, at Black's request, to the plaintiff Baird to reimburse him for money furnished at the request of said Black towards the purchase of said real estate, and it avers that there was no other consideration for the sale and delivery of said stock to the plaintiff Baird, and the residue of said stock, in the sum of $1,500, was issued by defendant to said Black on or about the said time on account of said transactions, and on no other account. It is further alleged

that Black and wife, on the 4th day of December, 1911, conveyed said real estate to plaintiff for the pretended consideration of $1, but it avers that plaintiff, at the time, had full notice and knowledge of the rights of this defendant in the premises, that it was in possession under claim of full title thereto in equity, and that Black had no title, and that plaintiff acquired no title under said deed, and is not entitled to possession of said real estate as averred in the petition, but that on the contrary it was entitled to have the deed for said real estate from Black to Baird canceled and set aside, and its title thereto quieted against any right, title or interest that plaintiff might have therein, and prays accordingly.

For a second cross-petition defendant adopts all the allegations and averments of its first cross-petition, and alleges that there was no consideration for the execution of the said deed from Black to plaintiff, which is recorded in Volume 218 of the deed records of this county, at page 309, and further alleges that it has performed all the conditions on its part to be performed in the purchase of said real estate, and is entitled to a conveyance therefor.

For reply to the two cross-petitions, plaintiff admits that defendant is in possession of said real estate, and that on the 4th day of December, 1911, Black and wife executed a deed to plaintiff for said real estate and denies each and every other allegation in said two cross-petitions contained, and prays judgment as in the petition.

Trial was had on the issues thus joined and an appeal taken to this court, where the cause was heard on a transcript of the evidence offered in the court of common pleas, supplemented by some additional oral testimony.

It will be observed that the issue and the only issue presented for determination is the ownership of the lands described. Black's rights are not before the court in any way save as his testimony tends to throw light on the question in controversy. The evidence offered is very conflicting in many particulars, but there is such a preponderance in the main evidentiary facts as to convince the court with practical unanimity of the correctness of the conclusion reached.

To state the claims of the parties a little more concisely than they are stated in the pleadings, we have the plaintiff with the legal title to the lands in controversy, by warranty deed from Frederic Black and wife of date of December 4, 1911, and claiming the right to immediate possession of the same.

The defendant is in possession of said lands and had been so in possession some eight or ten years when the petition was filed. It claims to own the lands in controversy by an equitable title, arising from the fact that it furnished the purchase price of the same to the said Frederic M. Black as its agent, to purchase said lands in its name and for its benefit; that said lands were so purchased by Black for its benefit from Samuel F. Van Voorhis, who is stipulated to be the common source of title to both parties, and that Black took the legal title in his own name, without its knowledge or consent. The purchase price claimed to have been advanced by defendant was $2,500 of its capital stock at its par value, $1,500 of which was issued to Black individually and $1,000 to plaintiff at Black's direction, to credit upon money advanced by him at Black's request on the purchase price of said lands from Van Voorhis. Both parties claim to own the lands in dispute, and are contesting to determine which of their respective claims is the stronger, as a party claiming disputed lands must rely on the strength of his own title and not on the weakness of his adversary. Black's own claims are probably the most important in the whole transaction, but they are not before the court, only as they become competent and relevant as testimony throwing light on the subject of dispute between the parties to this action.

Black admits the receipt of the $1,500 of stock and the issue of $1,000 more to Baird, that was not paid for in any other way than by credit to him on money advanced on the purchase price of said lands from Van Voorhis, but he claims that the issue of $1,500 to him was on his own account, and in payment of an account held by him against the defendant, and that he had subscribed for the said stock with the distinct understanding and agreement that it was to be paid for by credit upon the account due him from the car company for services rendered. This is denied by the defendant.

The whole controversy grows out of the double agency, or dual relationship of Mr. Black to this transaction.

The undisputed evidence shows that Black was, at the time possession of the land was taken by defendant, its general agent and attorney. His account for services, and the testimony generally shows this to be true. Possession of said lands was taken by defendant almost immediately after the execution of the deeds by Van Voorhis, and has been retained by it ever since that date without objection by Black or claim by him for rents.

This is the most significant and determinative fact in the whole record, and is the principal basic fact for the conclusion reached by the court. "Possession is nine points of the law" in cases of this kind. Without pursuing the discussion further, it will be sufficient to say that, from the whole evidence, we find that Black acted as the agent of defendant in the purchase of the lands in controversy; that his purchase was for its use and benefit, and that defendant is the owner in equity of the same, and entitled to the relief prayed for in its cross-petitions. We find also that the plaintiff took title to the premises with full knowledge of the facts in relation thereto, and in addition to this he was bound, as a matter of law, to know the rights of the party in possession at the time he so took title to the premises in dispute.

The petition will be dismissed and a decree entered for defendant on its answer and cross-petitions as prayed for. Exceptions may be noted.

SHIELDS, J., and HOUCK, J., concur.